UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVAN PETROS,

    Plaintiff,

                                    Case No. 12-14975

v.

                                    HONORABLE DENISE PAGE HOOD

US 23 DRIVE IN THEATER, INC.,

    Defendant.

_____/

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

        On November 8, 2012, this matter was transferred to this District from the Western District of Michigan. The Complaint alleges two counts under the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* and the Michigan Persons with Disabilities Act, M.C.L. § 37.1101, *et seq.* Plaintiff Evan Petros alleges that the US 23 Drive In, located in Flint, Michigan, discriminates against those with disabilities because of numerous architectural barriers present at its location. (Comp., ¶¶ 14-15)

        A clerk's entry of default was entered on April 17, 2013. Plaintiff filed the instant Motion for Default Judgment on June 3, 2013. To date, no response has been filed to the motion and no appearance has been filed on behalf of the defense.

        The entry of default under Fed. R. Civ. P. 55(a) is the first procedural step necessary in obtaining a default judgment. *Shepard Claims Serv., Inc. v. William Darrah & Associates,* 796 F.2d 190, 193 (6th Cir. 1986). Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by

1

affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Rule 55(b)(2) states that a party must apply to the Court for a default judgment. The Court may conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2).

The Certificate of Service to the motion indicates Defendant entity was served with the motion. No response was submitted to the Motion for Default Judgment by Defendant and no appearance has been filed on behalf of Defendant in this matter. A hearing was held on the Motion for Default Judgment on July 24, 2013. No one appeared on behalf of Defendant at the hearing. For the reasons set forth on the record and below, the Court grants Plaintiff's Motion for Default Judgment.

Plaintiff is entitled for injunctive relief under 42 U.S.C. § 12188(a)(2) to make the facility readily accessible to and useable by individuals with disabilities. Plaintiff is also entitled to attorney fees and costs under the ADA. 42 U.S.C. § 12205. Plaintiff is the prevailing party in this case pursuant to the default judgment. Plaintiff's counsel submitted extensive documentation to support the requested attorney fees and costs. As to the requested expert fees, the ADA also provides reimbursement for expert fees. 42 U.S.C. § 12205. Plaintiff submitted documentation to support the expert fees requested. The total amount requested by Plaintiff for fees and costs is $14,631.00. The Court finds the requested fees and costs are properly supported and reasonable.

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Default Judgment against Defendant (**Doc. No. 7**) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff is entitled to fees and costs in the amount of $14,631.00, allocated as follows:

1. $12,580.00 for attorney fees;
2. $322.00 for paralegal fees;
3. $429.00 for costs and expenses, and;
4. $1,300.00 for expert fees.

IT IS FURTHER ORDERED that Defendant must bring US 23 Drive Inc. into compliance with Title III of the Americans with Disabilities Act, within 180 days of this Judgment by:

1. adding a wheelchair accessible counter;
2. creating clear floor space in the public restroom sufficient for wheelchair access;
3. creating sufficient clearance around the water closet in the public restroom for wheelchair access;
4. adding grab-bars in the public restroom for use by the wheelchair-bound; and
5. adding sufficient knee and toe clearance under the sink for use by the wheelchair-bound.

With regard to the corrections required in the public restroom, if Defendant finds that the addition of a designated, unisex handicapped public restroom is less burdensome than complying with the individual items listed above, such an addition will satisfy the Court.

IT IS FURTHER ORDERED that Plaintiff's remaining state law claims are DISMISSED.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: July 31, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 31, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager